```
                    UNITED STATES DISTRICT COURT              FILED
                    NORTHERN DISTRICT OF ALABAMA
                         SOUTHERN DIVISION                 99 SEP 16 PM 2:57

                                                            N.D. OF ALABAMA
MELODIE WRIGHT,              )
                             )
     Plaintiff,             )
                             )
vs.                          )    Civil Action No. 99-S-1508-S
                             )
SERVICE CORPORATION          )
INTERNATIONAL,               )              ENTERED
                             )
     Defendant.              )              SEP 16 1999
```

## MEMORANDUM OPINION

This action is before the court on defendant's motion to compel arbitration, and, motion to stay this action pending arbitration. Specifically, defendant seeks to require plaintiff to submit her Title VII and ADEA claims to arbitration in accordance with the terms of her employment contract, executed by plaintiff on May 29, 1997. For the reasons discussed below, the motion is due to be denied.

### I. BACKGROUND

Plaintiff, a forty year-old female, was employed by defendant as a sales manager at the time of her termination on July 15, 1998.[1] As a sales manager, plaintiff supervised several employees who were at least fifty years old.[2] In June 1998, Cliff Dempsey ("Dempsey"), one of defendant's vice presidents, made several

---

[1] Complaint ¶¶ 3,5.
[2] Id. ¶ 7.



derogatory comments about plaintiff's older employees, including, among others, the following:

> Dempsey told plaintiff that her salespeople were old and that plaintiff needed to replace them with younger people.
>
> Dempsey told plaintiff that she needed to be in the nursing home business instead of the funeral home business because her salespeople were so old.
>
> Dempsey told plaintiff that anyone over 55 "need[ed] to go."

(Complaint ¶ 8.)  Subsequently, on the death of one of plaintiff's older employees, Dempsey remarked "[o]ne down, three to go."[3]

In spite of Dempsey's requests, plaintiff refused to fire her older employees and, additionally, resisted Dempsey's directives by reminding him that his requests were illegal and against company policy.[4] Thereafter, on July 15, 1998, the day after plaintiff turned forty, Dempsey informed plaintiff that she was being relieved of her duties as sales manager because she did not "fit into the [company's] new structure."[5] Plaintiff was replaced by Tim Moore, a thirty year-old man with substantially less job experience than plaintiff.[6] Plaintiff had never received any

---

[3] *Id.* ¶ 9.
[4] *Id.* ¶ 10.
[5] *Id.* ¶ 12.
[6] *Id.* ¶ 17.

verbal or written reprimands and, she alleges that two months prior to her termination, Dempsey told her that she was the best sales manager in his region.[7]

Following receipt of notice of her right to sue,[8] plaintiff instituted this action on the basis of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 ("Title VII"), 42 U.S.C. § 2000e et seq., and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq., alleging that she was terminated on the basis of her age and in retaliation for engaging in protected activity. Defendant responded by filing the present motions, wherein it "respectfully moves the Court to enter its Order staying this action pending arbitration and, further, directing that the Plaintiff Melodie Wright submit her alleged claims to arbitration."[9]

Plaintiff's employment contract contained an arbitration clause which specified, in relevant part, as follows:

> 1. **Matters Subject To Arbitration**
> Employee and the Company agree that, except for the matters identified in Section 2 below, all disputes relating to any aspect of Employee's employment with the Company shall be resolved by binding arbitration. This includes, but is not limited to, any claims against the

---

[7] Complaint ¶¶ 14, 15.

[8] Defendant admits that plaintiff has satisfied all conditions precedent to the institution of this action. See Answer ¶ 2.

[9] Defendant's motion to stay pending arbitration at 1.

3

Company, its affiliates or their respective officers, directors, employees, or agents for breach of contract, wrongful discharge, discrimination, harassment, defamation, misrepresentation, and emotional distress, as well as any disputes pertaining to the meaning or effect of this Agreement. ...

2.  Exclusions

It is expressly agreed and understood that this Agreement shall not govern claims for workers' compensation or unemployment benefits, claims brought to enforce any ... confidentiality agreement which may exist between the parties, or any claim by the Company against Employee which is based upon fraud, theft or other dishonest conduct of Employee.

. . .

4.  Legal Counsel/Costs

Each party may retain legal counsel and <u>shall pay its own costs</u> and attorneys' fees, <u>regardless of the outcome of the arbitration</u>. <u>Each party shall pay one-half of the compensation to be paid to the arbitrator(s), as well as one-half of any other costs relating to the administration of the arbitration proceeding</u> (e.g, room rental, court reporter, etc.).

(Motion to compel arbitration, Exhibit A at 1 (emphasis added).)

## II. DISCUSSION

This court recently had occasion to research the law pertaining to the arbitrability of federal statutory claims in another, but similar case. Rather than replow the ground traversed at some length in that action, a copy of the unpublished memorandum opinion entered in *Hall v. Labor Ready, Inc.*, Civil Action No. CV-

4

98-S-1360-NE (N.D. Ala. Sept. 14, 1999), is attached to this opinion and, by this reference, incorporated herein.

Based upon the principles discussed in the *Hall* opinion, this court reaches the following conclusions. First, the court assumes that plaintiff's employment contract "evidenc[es] a transaction involving commerce." 9 U.S.C. § 2. Second, the court is constrained by binding authority to hold that the exclusionary language of 9 U.S.C. § 1 exempts from the scope of the FAA only the employment contracts of those persons actually involved in the physical movement of goods and commodities in interstate or foreign commerce, *Paladino v. Avnet Computer Technologies, Inc.*, 134 F.3d 1054, 1060-61 (11th Cir. 1998) (Cox and Tjoflat, JJ., concurring), and nothing before this court indicates that plaintiff is such a person. Third, the court finds plaintiff has not demonstrated that "Congress intended to preclude a waiver of a judicial forum for [Title VII] claims." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 26, 111 S.Ct. 1647, 1652 (1991). Fourth, unlike the plaintiff in *Alexander*, the plaintiff here "agreed individually to the contract containing the arbitration clause." *Brisentine v. Stone & Webster Engineering Corp.*, 117 F.3d 519, 526 (11th Cir. 1997). Finally, however, the subject clause is unenforceable under

5

*Paladino* and *Randolph v. Green Tree Financial Corp.*, 178 F.3d 1149 (11th Cir. 1999), because "it fails to provide the minimum guarantees required to ensure that [plaintiff's] ability to vindicate [her] statutory rights will not be undone by steep filing fees, steep arbitrators' fees, or other high costs of arbitration." *Randolph*, 178 F.3d at 1158. Specifically, the clause impermissibly allocates half of the costs of arbitration to plaintiff, and, thus, potentially limits plaintiff's access to the arbitral forum. This court considers "costs of this magnitude a legitimate basis for a conclusion that the clause does not comport with statutory policy." *Paladino*, 134 F.3d at 1062 (Cox & Tjoflat, JJ., concurring).

### III. CONCLUSION

Based on the foregoing, the court finds that defendant's motions to compel arbitration and to stay this action pending arbitration are due to be denied. An appropriate order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this 16th day of September, 1999.

[signature]

United States District Judge